IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNIE G.[1], | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:23-cv-02836-BU |
| CAROLYN W. COLVIN,[2] | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER VACATING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS AND SUBSTITUTING MEMORANDUM OPINION AND ORDER**

On October 23, 2024, the undersigned entered Findings, Conclusions, and Recommendations (FCR) for the disposition of this case. Dkt. No. 15. Because it appeared at the time that both parties had not consented, the undersigned entered an FCR instead of a memorandum opinion and order. It has since become apparent that while only the Commissioner expressly consented, Plaintiff was deemed to have consented under the Court's new assignment procedure for Social Security disability appeals (SSDAs). *See* Special Order No. 3–350 and the Court's Notice and Election Form (providing that "[f]ailure to complete and return the form within twenty-one (21) days . . . will be deemed consent to the jurisdiction

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Although Martin O'Malley was Commissioner when this case was filed, his successor, Carolyn W. Colvin, is "automatically substituted as a party" by operation of law. FED. R. CIV. P. 25(d); *see also* 45 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

of the Magistrate Judge[.])" Plaintiff did not return the Notice and Election form, and thus his consent was deemed given. For this reason, the October 23 FCR, Dkt. No. 15, is VACATED, and this Memorandum Opinion and Order is substituted in its place.

For reasons explained in the now-vacated FCR, and repeated below, the decision of the Commissioner denying Plaintiff's application for benefits is REVERSED and this case is REMANDED to the Commissioner for further proceedings.

## I. JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff sues under 42 U.S.C. § 405(g). Venue is proper in the United States District Court, Northern District of Texas, Dallas Division because Plaintiff resides in Dallas County, Texas. 42 U.S.C. § 405(g); Dkt. No. 1 at 1.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a social security claimant, seeks judicial review of a final adverse decision of the Commissioner under 42 U.S.C. § 405(g). On April 30, 2019, Plaintiff filed his application with the Social Security Administration. Dkt. No. 1 at 2. After his application was initially denied, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on May 15, 2023. Tr. 14. After the hearing, the ALJ issued a decision denying Plaintiff benefits, which was appealed to the Appeals Counsel. Dkt. No. 1 at 2. The Appeals Council issued the Commissioner's final administrative action denying Plaintiff benefits by its letter dated October 25, 2023. *Id.*

Plaintiff alleges various health problems, including diabetes and dementia. *See* Tr. 16. The extent of Plaintiff's dementia on his ability to work is supported by a medical

expert report written by PAC Everett Allen. *See* Tr. 2773. Allen's report is a check list form that describes fifteen different areas of mental function limitations, such Plaintiff's inability "to apply commonsense understanding to carry out instructions" about "20% of the time." *See id.*

At step 4, the ALJ characterized Allen's report as "generally persuasive," but he dismissed a large portion of the report because it "did not provide any specific vocationally relevant limitations to add to the [RFC]." Tr. 23. At step 5, the ALJ, relying on the testimony of a vocational expert, found that Plaintiff could perform the jobs of housekeeping cleaner, garment sorter, and garment bagger. Tr. 23–25. However, the vocational expert testified that those jobs could not be performed by someone unable to "understand and carry out instructions consistently" and adapt to changes in a routine work setting or cope with normal work stresses. Tr. 58.

Plaintiff seeks judicial review of the ALJ's decision because the RFC is not supported by substantial evidence in that it fails to account for all the limitations caused by Plaintiff's severe impairments of dementia and diabetic sequalae. *See* Dkt. No. 12 at 18–37. Because the ALJ's mental RFC is unsupported by substantial evidence, which compels remand, the Court addresses only that issue.

### III. LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

Although a claimant bears the burden of establishing whether they meet the requirements for a disability, an ALJ's finding that a claimant has not satisfied their burden must be based on substantial evidence. *See, e.g.*, *Belk v. Colvin*, 648 F. App'x 452 (5th Cir. 2016) (per curium). And judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant can perform. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

Additionally, "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a party are affected." *Mays v Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could

5

and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## IV. DISCUSSION

Plaintiff argues the ALJ did not fully account for the Allen's assessment, including Allen's finding that Plaintiff had "extreme limitations of 20 percent of time" and shuts down for days at a time. The ALJ found that the Allen's report and report were "generally persuasive," but failed to discuss why the limitations Allen discussed are not "vocationally relevant." Because there is no discussion as to why the limitations are not vocationally relevant, the ALJ fails to adequately explain the supportability and consistency of Allen's report.

"ALJs must 'articulate in [their] determination or decision how persuasive [they] find all of the medical opinions ... in [a claimant's] case record.'" *Dixie L.C. v. Kijakazi*, No. 3:21-cv-764-BN, 2022 WL 4589164, at *6 (N.D. Tex. Sep. 29, 2022) (*citing* 20 C.F.R. § 404.1520c(b)) (alterations in original).[3] "If the ALJ does not satisfy this duty, the resulting decision is not substantially justified." *Id.* at *2 (*citing Ripley*, 67 F.3d at 557). While caselaw on "what constitutes a sufficient 'explanation' of supportability and consistency" under the regulation is "limited," courts generally consider "whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether [her] finding with regard to the particular medical opinion was supported by substantial evidence." *Lara v. Kijakazi*, No. 3:21-CV-1032-L-BH, 2022 WL 4486085, at *12 (N.D. Tex. Aug. 29,

---

[3] This requirement applies to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c(a)). Plaintiff filed their application on April 30, 2019. Dkt. No. 1 at 2.

2022) (quotation omitted), *report and recommendation adopted*, 2022 WL 4485826 (Sept. 27, 2022). However, if the ALJ's opinion forces a court "to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof," the explanation is likely insufficient. *Id.* (quotation omitted).

When an opinion is found to be persuasive, it should be consistent with other evidence supporting the ALJ's decision. *See Dixie L.C.*, 2022 WL 4589164. For example, in *Dixie L.C.*, the ALJ found "persuasive" a SAMC opinion, but relied on evidence inconsistent with that opinion for the RFC finding at step 4. *Id.* at 11–12. The Court remanded because the ALJ "failed to articulate how he considered the supportability and consistency" of the opinion in light of "inconsistent medical evidence." *Id.* Alternatively, when an ALJ finds only parts of an opinion persuasive, the ALJ must, at least, explain why the other parts of the opinion are not persuasive. *See e.g., Wilkerson v. Berryhill*, No. 3:16-cv-851-BN, 2017 WL 1091601, at *20 (N.D. Tex. Mar. 23, 2017) (remanding hearing decision when ALJ opinion was "internally inconsistent").

The ALJ's finding that Allen did not discuss vocationally relevant limitations is inconsistent with Allen's report. Allen's report opined that Plaintiff has an "[e]xtreme loss of . . . ability to apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form and to deal with problems involving several concrete variables in or from standardized solutions." Tr. 2773. Allen further defined "extreme loss of ability" to mean that Plaintiff could perform a given activity "only to meet basic needs at home, at best" and compared an extreme loss of ability to an inability that "interferes with work activity more than 20% of the time." Tr. 2773.

7

The ALJ accepted PAC Allen's findings as "generally persuasive," at least to the degree that Plaintiff had "extreme limitation[s] of 20 percent of time," regarding the "[12] out of 15 areas of mental function" in the report. Tr. 23. Confusingly, the ALJ concluded that Allen's definition of "extreme" was inconsistent with the SSA's definition, but failed to explain why or how he reached this conclusion.[4] Tr. 23. The ALJ dispersed with the remainder of Allen's opinion by stating "Allen did not provide any specific vocationally relevant limitations." Tr. 23.

Allen's report did contain vocationally relevant limitations. Furthermore, these limitations were specifically relevant to the jobs discussed at step 5—housekeeping cleaner, garment sorter, and garment bagger. Tr. 23–25. The ALJ based these step 5 findings on testimony from a vocational expert, who gave three examples of jobs a hypothetical person, resembling Plaintiff, could perform. Tr. 57 (vocational expert on direct) ("[H]ousekeeping cleaner, . . . garment sorter, . . . [and] garment bagger"). But the vocational expert also stated that if this individual cannot "understand and carry out instructions consistently . . . more than 20 percent of the time" such an individual would not be able to "even maintain these jobs at a competitive level."[5] Tr. 58 (vocational expert on cross examination).

---

[4] The Commissioner argues that this definition is not consistent with the Social Security's definition of extreme. Dkt. No. 13 at 3–4. Therefore, per the Commissioner, the ALJ properly considered Allen's opinion. *Id.* However, Allen's definition being inconsistent with the Social Security definition does not mean Allen's report is vocationally irrelevant.

[5] The vocational expert also opined that if the individual who have "limitations in their ability" to "respond to changes in a work setting or to cope with normal work stresses" it would not be "consistent with the ability to maintain competitive work." Tr. 59. This is inconsistent with Allen's finding that Plaintiff had a serious inability "to respond appropriately to changes in a routine work setting." Tr. 2774.

The ALJ found Allen's report "generally persuasive," but failed to adequately explain how he considered the supportability and consistency of Allen's findings, such as the "[e]xtreme loss of . . . ability to apply commonsense understanding to carry out instructions." Specifically, the ALJ failed to articulate why Allen's findings were not vocationally relevant, despite the vocational expert testimony that the findings in Allen's report would prevent Plaintiff from "maintain[ing] the[ relevant] jobs at a competitive level." *Id.* Therefore, the ALJ failed to apply the proper legal standards in analyzing Allen's report, which resulted in a lack of substantial support for the ALJ's mental RFC.

To the extent the ALJ may have had good reason to dismiss the remainder of Allen's opinion, the Court is unable to undertake a meaningful review of the ALJ's reasoning. The Commissioner argues the ALJ implicitly explained why he rejected Allen's opinion by pointing out many reasons why the ALJ does not believe Plaintiff's claims that Plaintiff is unable to work. Dkt. No. 13 at 3. For instance, the ALJ points to Plaintiff's "activities of daily living" such as the ability to keep up with personal care. Tr. 22. However, supporting a finding with evidence from the record is not the same as explaining why a relevant medical opinion, or portion thereof, was disregarded. Without more, the Court cannot decern why the ALJ dismissed Allen's report.

The Commissioner tries to explain this by rationalizing that the ALJ must have disregarded the opinion because it was a check list form, thus, the report was conclusory. Dkt. No. 13 at note 3 (*citing Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating physician's questionnaire opinion "due to its brevity and conclusory nature")). However, post-hoc "justifications cannot succeed

9

unless they are so conclusive that no reasonable ALJ could have resolved the disputed matter in any other way." *See Garcia v. Barnhart*, 188 F. App'x 760, 767 (10th Cir. 2006) (as cited by *Stout v. Berryhill*, No. CIV-16-485-BMJ, 2017 WL 437420, at *13-14 (W.D. Okla. Feb. 1, 2017)). The fact that Allen's report is a check list form does not make this issue "so conclusive that no reasonable ALJ could have resolved the disputed matter in any other way" as evident by the ALJ finding this check list form "generally persuasive." As such, the Court rejects this argument as improper post-hoc rationalization.

Finally, the ALJ' failure to consider vocationally relevant limitations necessarily impacts the analysis at step 5, and thus is not harmless. *See Conte v. Comm'r., SSA*, No. 4:16-CV-00048-CAN, 2017 WL 1037570, at *7 (E.D. Tex. Mar. 16, 2017) (finding harmful error when the error effects the decision at step-five). Because the mistake is harmful error, remand is required. *See Keel v. Saul*, 986 F.3d 551 (5th Cir. 2021).

## V. CONCLUSION

For the reasons stated in this Memorandum Opinion and Order, the decision of the Commissioner is REVERSED, and this case is REMANDED to the Commissioner for further proceedings.

ORDERED this 14th day of January 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE